RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0299p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

TYRELLE MOTRAY HENDERSON, JR.,
*Plaintiff-Appellant*,

*v*.

KENT COUNTY, MICHIGAN; MICHELLE LAJOYE-YOUNG, Sheriff, official and personal capacity,
*Defendants-Appellees*.

No. 25-1845

Appeal from the United States District Court for the Western District of Michigan at Grand Rapids.
No. 1:25-cv-00840—Phillip J. Green,

Argued: July 29, 2026

Decided and Filed: November 10, 2026

Before: GRIFFIN, BUSH, and NALBANDIAN, Circuit Judges.

## COUNSEL

**ARGUED:** Kellen McCoy, WILKINSON STEKLOFF LLP, Washington, D.C., for Appellant. Neil E. Youngdahl, VARNUM, LLP, Grand Rapids, Michigan, for Appellees. **ON BRIEF:** Kellen McCoy, Melanie Fontes, WILKINSON STEKLOFF LLP, Washington, D.C., for Appellant. Neil E. Youngdahl, VARNUM, LLP, Grand Rapids, Michigan, for Appellees.

GRIFFIN, J., delivered the opinion of the court in which BUSH and NALBANDIAN, JJ., concurred. BUSH, J. (p. 7–8), delivered a separate concurring opinion.

---

**OPINION**

---

GRIFFIN, Circuit Judge.

Plaintiff Tyrelle Henderson, a Michigan state prisoner, sued defendants, asserting constitutional claims. He also sought leave to proceed in forma pauperis, which the district court denied after concluding that he had three strikes under 28 U.S.C. § 1915(g). Henderson challenges this ruling, arguing that two of the actions identified by the district court are not strikes because they included claims dismissed on Eleventh Amendment immunity grounds. Defendants counter that issue preclusion bars Henderson from disputing these strikes and, in any event, he has at least three strikes based on the actions identified by the district court and two additional ones. We conclude that issue preclusion does not apply and that Henderson is not barred from proceeding in forma pauperis in the instant action. Accordingly, we vacate and remand.

I.

When Henderson sued defendants (collectively, the County), he sought leave to proceed in forma pauperis (IFP), i.e., to pay the required filing fee over time or not at all. *See* 28 U.S.C. § 1915(a)–(b). Before a court may grant such a request, however, the Prison Litigation Reform Act (PLRA) requires it first to determine "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." *Id.* § 1915(g). If so, then the prisoner cannot proceed IFP unless he "is under imminent danger of serious physical injury." *Id.*

Here, the district court concluded that Henderson had three strikes under § 1915(g) and that the imminent-danger exception did not apply. Thus, it denied Henderson leave to proceed IFP. And because Henderson had not paid the filing fee, the district court dismissed the action without prejudice. Henderson appeals, challenging only the district court's three-strikes ruling.

II.

Henderson argues that the district court erroneously denied him leave to proceed IFP because two of his purported strikes were actions that included claims dismissed on Eleventh Amendment immunity grounds.[1] We review de novo the legal question of whether a prior action counts as a strike under the PLRA. *Taylor v. Stevens*, 146 F.4th 480, 483 (6th Cir. 2025).

A.

Under the PLRA, a prisoner may lose the privilege of proceeding IFP if courts have dismissed three or more of his prior actions, but only if every claim in the complaint was dismissed on one of § 1915(g)'s three enumerated grounds—"as 'frivolous, malicious, or [for] fail[ing] to state a claim.'" *Crump v. Blue*, 121 F.4th 1108, 1110–11 (6th Cir. 2024) (quoting 28 U.S.C. § 1915(g)). Notably, however, a "dismissal premised on Eleventh Amendment immunity does not appear on the list of [§ 1915(g)'s] grounds for a cognizable strike." *Id.* at 1112. Nor does such a dismissal "count as a failure to state a claim." *Id.* at 1112. Or as "frivolous or malicious," unless a district court explicitly says so. *Id.* at 1113 (collecting cases); *Taylor*, 146 F.4th at 484. Thus, if a complaint included claims dismissed on grounds of Eleventh Amendment immunity, then dismissal of the action does not generally count as a strike under § 1915(g).[2] *Crump*, 121 F.4th at 1112–13.

The first action challenged by Henderson is *Henderson v. County of Kent (County of Kent I)*, 2024 WL 4661399 (W.D. Mich. Nov. 4, 2024). There, Henderson alleged official-capacity claims against two state prosecutors seeking monetary damages and injunctive relief. *Id.* at *12. All claims were dismissed. *Id.* at *12–13. The district court dismissed the damages claims because the prosecutors were state agents, and the state was immune from such claims in federal

---

[1]Henderson also argues that these actions do not count as strikes because they included claims dismissed on grounds of prosecutorial immunity, but we do not reach this question because Eleventh Amendment immunity resolves this appeal.

[2]That said, we note that the dismissing court "retains the authority to dismiss such a claim [and] label the claim frivolous," which *would* make an Eleventh Amendment dismissal strike-worthy. *See Crump*, 121 F.4th at 1114; *id.* at 1116–17 (Readler, J., concurring). Given Henderson's roughly two dozen lawsuits while incarcerated, and his apparent accumulation of substantial unpaid filing fees, we also emphasize that proceeding pro se is not a license to "clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (citation modified).

court under the Eleventh Amendment. *Id.* at *12. It did not find that Henderson frivolously or maliciously ignored this immunity defense. *See id.* Accordingly, *County of Kent I* does not count as a strike under the PLRA.

The County responds that the district court's dismissal of Henderson's official-capacity claims also bore traces of "failure-to-state-a-claim reasoning," so the action can still count as a strike. But the district court unequivocally dismissed the damages claims solely on Eleventh Amendment grounds, and we look only to what the dismissing court did, not what it could have done. *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016); *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1153 n.2 (D.C. Cir. 2017) (Kavanaugh, J.). Moreover, as explained, an Eleventh Amendment dismissal "does not count as a failure to state a claim." *Crump*, 121 F.4th at 1112.

The second challenged action is *Henderson v. Conrad*, 2020 WL 7345656 (W.D. Ky. Dec. 14, 2020). There, Henderson similarly alleged official-capacity claims for damages against a state prosecutor. *Id.* at *4. As in *County of Kent I*, the district court explained that the prosecutor was a state agent and that the Eleventh Amendment barred suits against the state for damages in federal court. *Id.* And, again, the district court did not find that Henderson frivolously or maliciously ignored this immunity defense. *See id.*

When dismissing these claims, however, the district court stated that they were "barred by the Eleventh Amendment and fail to state a claim." *Id.* at *5. Based on this statement, the County contends that the district court set out alternative holdings, with the latter making *Conrad* a strike notwithstanding the former. We disagree.

First, the district court discussed only the Eleventh Amendment ground of dismissal in detail; it said nothing about the merits except, at most, a passing statement that the complaint "connect[ed] no specific allegations to [the prosecutor]." *Id.* at *4. Further, the Eleventh Amendment is "a true jurisdictional bar," which means that after the district court concluded that the Eleventh Amendment barred Henderson's official-capacity claims for damages, it no longer had jurisdiction over them. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, even if the district court purported to alternatively dismiss the official-capacity claims for a

failure to state a claim, this ruling would have been ultra vires. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

*Conrad* therefore does not count as a strike under the PLRA either. Thus, based on the three actions identified by the district court, Henderson had only one strike under the PLRA.[3]

B.

The County points to two other actions, asserting that they offer "independent bases to establish Henderson as a three-strike litigant."[4] But *Henderson v. Peterson*, 2026 WL 717279 (W.D. Mich. Feb. 17, 2026), *report and recommendation adopted*, 2026 WL 716373 (W.D. Mich. Mar. 13, 2026), offers no such support.[5]

The three-strikes rule applies only if a prisoner "has, on three or more prior occasions . . . brought an action or appeal . . . *that was dismissed*" on one of § 1915(g)'s three enumerated grounds. *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (quoting 28 U.S.C. § 1915(g)). This means that for *Peterson* to count as a strike, it must have been dismissed on one of § 1915(g)'s enumerated grounds *before* Henderson filed this action and requested leave to proceed IFP. *See Taylor v. Grubbs*, 930 F.3d 611, 617 (4th Cir. 2019) ("Courts . . . count a prisoner's strikes as of the date the prisoner files the complaint or appeal."); *Brown v. Sage*, 941 F.3d 655, 659 n.3 (3d Cir. 2019) ("[A] case counts as a strike if it was dismissed as of the date on which the plaintiff [applies] to proceed IFP and [submits] his complaint or notice of appeal."). But *Peterson* was dismissed almost eight months after Henderson had done either, so it does not supply an additional strike to add to Henderson's total here.

---

[3]Neither party disputes that the third action, *Henderson v. County of Kent*, 2024 WL 4540459 (W.D. Mich. Oct. 22, 2024), counts as a strike.

[4]Henderson argues that *Taylor* prohibits us from considering either action, but *Taylor* involved a jurisdictional bar that is inapplicable here. *See* 146 F.4th at 483–84. Moreover, courts often take judicial notice of actions previously brought by a litigant seeking to proceed IFP. *See, e.g.*, *Edwards v. Gaul*, 40 F. App'x 970, 971 (6th Cir. 2002); *Ray v. Lara*, 31 F.4th 692, 697 n.4 (9th Cir. 2022); *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010); *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (per curiam); *see also* Fed. R. Evid. 201(c)(1).

[5]Because the County needs both actions to count as strikes to prevail on this argument, we need not consider the second proffered action.

Thus, even under the County's proffered independent basis, Henderson is not barred from proceeding IFP in the instant action.

III.

The County makes one last argument, contending that Henderson is precluded from challenging whether *County of Kent I* and *Conrad* are strikes because this issue was already decided against him in *Henderson v. County of Kent (County of Kent II)*, 2025 WL 750306 (W.D. Mich. Mar. 10, 2025). We are not persuaded.

For issue preclusion to apply, the issue must have been "actually litigated and decided in the prior action." *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999). But an issue is "usually actually litigated only when the parties raise" it, not when a court decides it sua sponte. *Fischer v. Thomas*, 176 F.4th 470, 477 (6th Cir. 2026); *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019) (collecting cases); *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.*, 430 F.2d 38, 45 (5th Cir. 1970) ("If the court, in the former action, assumes to adjudicate an issue . . . not submitted by the parties . . . the judgment is not conclusive in a subsequent proceeding."); *see also* Restatement (Second) of Judgments § 27 cmt. e. And the County concedes that the parties did not raise or contest the issue in *County of Kent II*; the district court decided the issue on its own. Thus, the issue of whether *County of Kent I* and *Conrad* count as strikes was not actually litigated in *County of Kent II*. *Cf. Thomas v. Sepulveda*, 2014 WL 5409064, at *3 (N.D. Cal. Oct. 23, 2014) (finding that the three-strikes issue had been actually litigated in two earlier actions, whose dockets demonstrate that defendants raised the issue by motion and plaintiff opposed it).

Accordingly, Henderson is not precluded from challenging whether *County of Kent I* and *Conrad* count as strikes now.

IV.

For the foregoing reasons, we vacate and remand for further proceedings consistent with this opinion.

## CONCURRENCE

JOHN K. BUSH, Circuit Judge, concurring. This case arose from a prisoner with a proclivity for filing pro se lawsuits. Congress tried to address such complaints through legislation codified at 28 U.S.C. § 1915(g) and § 1915A. But as this case demonstrates, Congress may need to examine this issue again.

I agree with the majority that, under circuit precedent, Henderson does not have three strikes. I write separately to explain how Congress might fill the gaps in § 1915(g). I also highlight how courts can prevent vexatious litigants from making their cases strike proof.

In *Henderson v. Conrad*, 2020 WL 7345656, at *1 (W.D Ky. Dec. 14, 2020), the district court screened Henderson's complaint under § 1915A. In doing so, the court raised the sovereign immunity issue and held that the Eleventh Amendment barred some of Henderson's claims. But the government in *Conrad* never raised sovereign immunity as a threshold jurisdictional defect, and the district court was not required to raise the sovereign immunity issue on its initial screening. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). The district court therefore could have screened the complaint solely on the basis that Henderson's allegations failed to state a claim. *See Does v. Whitmer*, 69 F.4th 300, 306 (6th Cir. 2023); *Russell*, 784 F.3d at 1046; *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 477 (6th Cir. 2006). That resolution would have issued a strike. Until Congress has amended § 1915(g) to include sovereign immunity as grounds for a strike, district courts would be well advised, when able, to screen prisoner pro se in forma pauperis complaints on the merits as opposed to ruling on sovereign immunity grounds. That way a strike can be issued.

Apart from the cases discussed in the majority opinion, Henderson filed numerous other actions in federal court that escaped § 1915(g). Each of those cases was dismissed for failure to prosecute. *See Henderson v. Dart*, 1:20-cv-01722 (N.D. Ill. Aug. 1, 2022); *Henderson v. Doe*, 1:20-cv-03651 (N.D. Ill. Aug. 4, 2020); *Henderson v. Doe*, 1:20-cv-03704 (N.D. Ill. Jan. 19, 2021); *Henderson v. Hodal*, 1:20-cv-03709 (N.D. Ill. Oct. 5, 2020); *Henderson v. Tezko*, 1:20-

cv-03705 (N.D. Ill. Oct. 5, 2020); *Henderson v. Dart*, 1:20-cv-03713 (N.D. Ill. Sept. 14, 2020); *Henderson v. Tezko*, 1:20-cv-04307 (N.D. Ill. July 22, 2020). In state court, Henderson had multiple cases that were dismissed for failure to serve the defendant. *See Henderson v. Cnty. of Kent*, No. 25-525-NO (Kent County Circuit Court, June 9, 2025); *Henderson v. Cnty. of Kent*, No. 25-528-NZ (Kent County Circuit Court June 9, 2025); *Henderson v. Cnty. of Kent*, No. 25-529-CZ (Kent County Circuit Court June 9, 2025); *Henderson v. Lofton*, No. 25-20133-NO (Kent County Circuit Court Sept. 2, 2025). And those lists do not even include cases that were dismissed after Henderson filed the one currently before us.

The structure of § 1915(g), as interpreted by this circuit, allows inmates to file action after action in federal court with the benefits associated with in forma pauperis status. *Crump*, 121 F.4th 1108, 1114–15 (6th Cir. 2024) (Majority Op.) ("We appreciate the risk that prisoners could add meritless state-law claims or claims against immune defendants to their federal claims to try to avoid strikes."); *id.* at 1115 (Readler, J., concurring) ("Writing on a clean slate, one might well conclude that a prisoner who files an otherwise meritless complaint should not avoid incurring a PLRA strike simply because he includes a state-law claim or a claim barred by sovereign immunity."); Majority Op. at 3 n.2 ("We emphasize that proceeding pro se is not a license to clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." (cleaned up)).

But district courts can avoid this result. By labelling cases frivolous, cases dismissed on sovereign immunity, failure to prosecute, or non-service grounds might still fall within the ambit of § 1915(g). To the extent that vexatious litigants continue to clog our judicial system, I would urge district courts to use these tools.

Perhaps more importantly, Congress might fill the apparent lacunae in § 1915(g) by adding sovereign immunity, failure to prosecute, and failure to serve as additional reasons that a case may count as a strike.